_____

No. 96-1283
_____

Lyndale Walker,                        *
                                       *
          Plaintiff-Appellant,         *
                                       *
     v.                                *
                                       *
M. D. Reed, Warden, Cummins            *    Appeal from the United States
Unit, Arkansas Department of           *    District Court for the
Correction; A. J. Hall, Major,         *    Eastern District of Arkansas.
Cummins Unit, Arkansas                 *
Department of Correction;              *
John Does, unknown prison              *
employees, Cummins Unit,               *
Arkansas Department of                 *
Correction,                            *
                                       *
          Defendants.                  *
                                _____

                    Submitted:  May 23, 1996

                      Filed:  January 3, 1997
                                _____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

                                _____

BOWMAN, Circuit Judge.

     Lyndale Walker, a state prisoner in Arkansas, appeals from the
decision of the District Court[1] dismissing his 42 U.S.C. § 1983 (1994)
complaint as frivolous pursuant 28 U.S.C. § 1915(d) (1994).[2]

_____

     [1]The Honorable Henry Woods, United States District Judge for
the Eastern District of Arkansas, adopting the Proposed Findings
and Recommendation of the Honorable Jerry W. Cavaneau, United
States Magistrate Judge for the Eastern District of Arkansas.

     [2]The District Court dismissed Walker's complaint before the
defendants were served.  After preliminary review, this Court asked
the defendants nevertheless to submit a brief on the issues.  The
Arkansas attorney general's office accommodated our request by
filing a brief as amicus curiae.

We review a § 1915(d) dismissal for abuse of discretion.  See Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Finding none, we affirm.

In his pro se complaint, Walker alleges that he "slipped and fell" because of water on the floor in the Cummins Unit's #7 barracks bathroom, injuring his arm and shoulder.  According to Walker, water had accumulated on the floor because of leaks from the shower wall and from the sinks.  He contends that, for approximately ten months before his fall and two months after, a number of inmates and at least one corrections officer also had fallen in the bathroom because of water on the floor.  Walker's complaint states that defendants "in the exercise of ordinary care" should have discovered "the defects or unsafe conditions."  He concludes, "The defendant's was negligent and that such negligence was the proximate cause of my injury."

To state a cognizable claim under § 1983, a plaintiff's complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  See 42 U.S.C. § 1983; Hamilton v. Schriro, 74 F.3d 1545, 1549 (8th Cir.), cert. denied, 117 S. Ct. 193 (1996).  It is true that we hold Walker's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  But "the liberal pleading standard of Haines applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  Nowhere in the complaint does Walker invoke his constitutional rights or allege any violation of the Constitution or federal law; he alleges only a claim for negligence.  As the District Court concluded here, mere negligence on the part of prison officials is not a violation of a state prisoner's due process rights under the Fourteenth Amendment.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).  Although the District Court did not reach the question, we note that neither

does prison officials' simple negligence amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Tribble v. Arkansas Dept. of Human Servs., 77 F.3d 268, 270 (8th Cir. 1996). Thus Walker's § 1983 complaint "lacks an arguable basis . . . in law" and is frivolous under § 1915(d). Neitzke, 490 U.S. at 325.

We do not reach the question of whether the conditions Walker describes could ever amount to a cognizable § 1983 claim. We simply hold that the District Court did not abuse its discretion by dismissing Walker's case, as presented, as frivolous.[3]

The judgment of the District Court is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I would reverse the district court's judgment in this case.

In the first place, although the court adverts to our duty to construe pro se complaints liberally, it does not in fact apply that principle to this case. I believe that Mr. Walker stated facts that, if true, would amount to deliberate indifference on the part of the defendant. The court states that Mr. Walker "[n]owhere in his complaint invoke[s] his constitutional rights or allege[s] any violation of the Constitution or federal laws." With respect, I believe that that is not so. Mr. Walker's form states that he is "filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983." The court cites no case that requires a pro se plaintiff specifically to identify the constitutional right that he or she is

---

[3]We note that the dismissal was without prejudice to Walker's refiling. It is clear from Walker's written objections to the proposed recommendation that Walker has the legal expertise necessary to bring a pro se complaint alleging a constitutional violation. He did not do so here, however.

being deprived of, and even if there were such a case, given the context of this case, the right that furnishes the basis of Mr. Walker's complaint is obvious.

All Rule 8 requires is "a short and plain statement of the claim ... and ... a demand for judgment for the relief that the party seeks." The plaintiff has done that here. The court seems to have erected a heightened pleading standard in this pro se case, a practice specifically disapproved of in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993). See also Bramlet v. Wilson, 495 F.2d 714 (8th Cir. 1974); Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254 (8th Cir. 1994). The fact, if it is a fact, that Mr. Walker "has the legal expertise necessary to bring a pro se complaint alleging a constitutional violation," as the court puts it, is irrelevant. Since he is not required to have any legal expertise, the fact that he might have some is of no consequence.

In the second place, Mr. Walker objected to the Magistrate Judge's recommendation by observing that the Eighth Amendment mandates safe conditions of confinement and that defendant's reckless failure to remedy unsafe conditions amounted to deliberate indifference. At the very least, the district court should have treated this objection as a motion to amend the complaint and should have allowed the case to proceed.

I therefore respectfully dissent.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-