# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2602

_____

| | | |
|---|---|---|
| Napoleon Hartsfield, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Nurse Janice Colburn; Capt. McGregor; | * | Southern District of Iowa |
| Dr. Lugwig; Capt. McGregor; Sheriff | * | |
| Conord; Lt. Brundies, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 7, 2004
Filed: June 14, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Iowa inmate Napoleon Hartsfield appeals from the adverse grant of summary judgment entered in the District Court for the Southern District of Iowa in his 42 U.S.C. § 1983 action asserting that defendants were deliberately indifferent to his medical needs while he was a pretrial detainee at the Scott County Jail (Jail). For reversal, Hartsfield argues that the district court erred in (1) analyzing his claims under the Eighth Amendment rather than the Due Process Clause, and requiring him to present verifying medical evidence; (2) considering an unsworn affidavit offered by defendants, but not considering his verified original and amended complaints as

affidavits; (3) failing to rule on his claims that defendants had a custom, policy, or practice of intentionally delaying the medical treatment of pretrial detainees, and that defendants had retaliated against him; (4) failing to give him advance notice that the court was construing defendants' pleadings as a motion for summary judgment; (5) allowing his counsel to withdraw and not appointing new counsel; and (6) denying his motion for reconsideration. For the reasons discussed below, we reverse the judgment of the district court as to all defendants except Lieutenant Brundies.

Hartsfield alleged the following in his verified complaints. On October 20, 2001, Hartsfield submitted a written medical request asking to be examined by Jail Nurse Janice Colburn and Dr. Ludwig,[1] the Jail doctor, for a severe toothache and three loose teeth. Hartsfield continued to complain to Colburn into December 2001, that he was experiencing problems with his teeth and tooth pain, but she ignored his complaints. He filed a grievance on November 28. On December 5, 2001, Hartsfield finally received treatment from a dentist who told Hartsfield that the delay had caused a bad infection in his mouth. The dentist pulled three of Hartsfield's teeth and prescribed antibiotics and ibuprofen. Hartsfield claimed that defendants were deliberately indifferent to his serious medical needs, and that the Jail had a custom or policy of not providing adequate treatment for pretrial detainees in order to save money.

Defendants denied liability and moved for judgment as a matter of law. Dr. Ludwig submitted a statement whose truth he "attested to" (but without any notarization), recounting that in response to Hartsfield's October 20 medical request, he had prescribed ibuprofen but was hesitant to send Hartsfield to a dentist right away because Jail records showed that Hartsfield had previously exhibited threatening and

---

[1]We note that Ludwig was misspelled in Hartsfield's complaint, and that Captain McGregor's name was captioned twice as a defendant.

argumentative behavior. In her Jail notes, Colburn confirmed that Dr. Ludwig was hesitant to send Hartsfied to a dentist because of behavioral problems. Colburn indicated that she spoke with Captain McGregor about sending Hartsfield to a dentist, but that Captain McGregor did not give her a definite answer. In response to defendants' motion for judgment as a matter of law, Hartsfield submitted his verified statement that he did not receive ibuprofen and that while he was awaiting treatment, blood seeped from his gums, his mouth became swollen, an infection developed, and he had difficulty eating and sleeping. Hartsfield also claimed that at one point, he encountered Dr. Ludwig in a hallway and requested treatment, but when he identified himself, Dr. Ludwig walked away and said, "I can't talk to you."

Construing defendants' motion as one for summary judgment, the district court granted the motion because Hartsfield had failed to present verifying medical evidence that the delay in dental treatment adversely affected his condition. This appeal followed.

We review the district court's grant of summary judgment de novo, taking as true those facts asserted by Hartsfield that are supported by the record. See Beck v. Skon, 253 F.3d 330, 332-33 (8th Cir. 2001). Initially, we conclude Hartsfield was not prejudiced by the district court's failure to give earlier notice that the court was converting defendants' motion for judgment as a matter of law into a summary judgment motion, see Fed. R. Civ. P. 12(c), because Hartsfield had the opportunity to respond, and he did so. We agree with Hartsfield that the allegations made in his verified complaints satisfy affidavit requirements, see 28 U.S.C. § 1746, and while Dr. Ludwig's statement does not appear to comply with affidavit requirements, we find that the district court's consideration of the statement was harmless, because our review of the record convinces us that reversal is required with or without consideration of Dr. Ludwig's statement. We also agree with Hartsfield that his claims are more properly viewed under the Fourteenth Amendment because he was a pretrial detainee during the relevant events. See Ervin v. Busby, 992 F.2d 147, 150

(8th Cir.) (per curiam) (pretrial detainees' claims are evaluated under Due Process Clause rather than Eighth Amendment), cert. denied, 510 U.S. 879 (1993). Pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment. See Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 906 (8th Cir. 1999), cert. denied, 528 U.S. 1157 (2000). Hartsfield's allegations meet the standards for an Eighth Amendment violation. Cf. Davis v. Hall, 992 F.2d 151, 152-53 (8th Cir. 1993) (per curiam) (applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care).

Specifically, to prevail on an Eighth Amendment deliberate indifference claim, Hartsfield had to show (1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). We conclude that the district court erred in granting summary judgment as to all defendants except Lieutenant Brundies, against whom Hartsfield did not make allegations. Hartsfield presented evidence that he suffered extreme pain from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating. This constituted a need for medical attention that would have been obvious to a layperson, making submission of verifying medical evidence unnecessary. See Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999) (inmate who complained about serious physical conditions from failure to treat diabetes did not need to submit verifying medical evidence to establish detrimental effects of alleged delay in treatment, because conditions inmate described would have been obvious to layperson); Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) (serious medical need is one that is either obvious to layperson or supported by medical evidence).

Hartsfield attested that Nurse Colburn ignored his repeated complaints and requests for medical attention from October 20 until early December, and Colburn's notes showed that Captain McGregor did nothing when contacted about Hartsfield's condition. Further, Dr. Ludwig's statement and Nurse Colburn's notes demonstrated

that Dr. Ludwig was made aware of Hartsfield's pain when he reviewed the medical request, but he withheld dental treatment for nonmedical reasons--Hartsfield's behavioral problems. A question of material fact therefore exists as to whether defendants Colburn, McGregor, and Dr. Ludwig were deliberately indifferent to Hartsfield's serious medical needs when they failed to arrange for dental treatment until about six weeks after Hartsfield's written request for it, causing him to suffer further pain and infection. Cf. Moore v. Jackson, 123 F.3d 1082, 1084-87 (8th Cir. 1997) (per curiam) (where inmate repeatedly complained of severe tooth pain in medical requests and grievances, and it took from April to December for him to receive treatment, genuine issue of material fact existed as to whether prison dentist was aware of inmate's serious dental condition); Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (three-week delay in dental care, coupled with knowledge that inmate is suffering, can support finding of Eighth Amendment violation); Patterson v. Pearson, 19 F.3d 439, 440 (8th Cir. 1994) (per curiam) (summary judgment improper where evidence showed dentist became aware of inmate's tooth-related swelling, headache, and severe pain on March 19, but tooth was not extracted until April 15). An additional issue exists regarding whether a Jail policy or custom contributed to the alleged deliberate indifference, an issue that also implicates Sheriff Conard. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535-36 (8th Cir. 1999); Boyd, 47 F.3d at 969. In light of our disposition of this case, we need not reach Hartsfield's remaining arguments.

Accordingly, we affirm the district court's grant of summary judgment as to Brundies, but we reverse as to the remaining defendants and remand for further proceedings consistent with this opinion.

_____