# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2144

_____

Marvin Lidell Lott,                           *
                                              *
            Appellant,                        *
                                              *    Appeal from the United States
     v.                                       *    District Court for the
                                              *    Eastern District of Missouri.
Margaret Dicus; Judith Menz,                  *        [UNPUBLISHED]
                                              *
            Appellees.                        *

_____

Submitted: October 7, 2004
    Filed: October 14, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

     Missouri inmate Marvin Lott appeals the district court's[1] adverse grant of
summary judgment in his 42 U.S.C. § 1983 action. In this lawsuit, Lott sought
damages from Nurse Practitioners Margaret Dicus and Judith Menz for deliberate
indifference to his serious medical needs. He alleged that while he was in the
Mississippi County Jail in 2000, defendants ignored his reports that his symptoms--
severe headaches, draining and ringing ears, blurred vision, episodes of vision loss,
decreased hearing, head swelling, and pain-related vomiting--were from head trauma

_____

[1]The Honorable E. Richard Webber, United States District Judge for the
Eastern District of Missouri.

he had sustained during an earlier May 23, 2000 incident at the Scott County Jail, and they refused to refer him for further testing or for a physician's examination despite diagnostic tests reflecting a need for such referrals.

In granting summary judgment to defendants, the district court concluded that Lott's lawsuit was barred by collateral estoppel, noting that the trial judge in a previous lawsuit Lott filed against the Scott County Jail and personnel had determined that Lott did not have a serious medical need as a result of injuries from the May 2000 incident.

We review de novo the conclusions of law, including the availability of collateral estoppel, underlying a grant of summary judgment. See Liberty Mut. Ins. Co. v. FAG Bearings Corp., 335 F.3d 752, 757 (8th Cir. 2003). We conclude that even if the issue in the instant lawsuit was not identical to the issue in Lott's previous lawsuit, summary judgment was nonetheless properly granted. See King v. Fletcher, 319 F.3d 345, 347 (8th Cir. 2003) (summary judgment ruling may be affirmed on any basis supported by record); see Canady v. Allstate Ins. Co., 282 F.3d 1005, 1016 & n.7 (8th Cir. 2002) (elements of collateral estoppel under federal law). The record before the district court showed that defendants did not ignore Lott's symptoms, but rather that they linked his symptoms to his uncontrolled hypertension and also arranged for diagnostic tests to determine whether he had in fact sustained significant head trauma. While Lott's verified complaint allegations about repeatedly reporting certain symptoms satisfy the affidavit requirements of Federal Rule of Civil Procedure 56, see Hartsfield v. Colburn, 371 F.3d 454, 456 (8th Cir. 2004), the essence of the instant lawsuit was Lott's disagreement with the defendant nurse practitioners' diagnoses and treatment decisions, which is not a proper basis for a section 1983 lawsuit. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (prisoner must show more than even gross negligence, and mere disagreement with treatment decisions does not rise to level of constitutional violation); cf. Dulany v.

Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (prison doctors remain free to exercise their independent medical judgment).

    The judgment is affirmed.

_____