# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1346

_____

Kenneth L. Taylor,                        *
                                          *
              Appellant,                  *
                                          *
Bobby W. Hunt,                            *
                                          *
              Plaintiff,                  *
                                          *  Appeal from the United States
      v.                                  *  District Court for the
                                          *  Eastern District of Arkansas.
Jeannie L. Denniston, Conway County;      *
Ray Coffman, Conway County Sheriff's      *      **[UNPUBLISHED]**
Department; Jack Cupp, Conway             *
County Sheriff's Department; Carolyn      *
Gadberry, Conway County Court             *
House; Joe Kelly Hardin; Jerry Don        *
Ramey; Conway County; Conway              *
County Sheriff Department,                *
                                          *
              Appellees.                  *

_____

Submitted: November 5, 2004
    Filed: November 10, 2004

_____

Before RILEY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Kenneth Taylor (Taylor) appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action arising out of defendants' alleged denial of his Arkansas Freedom of Information Act (FOIA) request and forgery of his name on documents. Taylor claimed violations of his civil rights. Taylor seeks to proceed on appeal in forma pauperis (IFP).

After careful review of the record, we conclude Taylor's FOIA claim is not cognizable under section 1983 because it implicates only state law. See Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997) (to state cognizable claim under § 1983, plaintiff must allege defendant, acting under color of state law, deprived plaintiff of right, privilege, or immunity secured by constitution or laws of United States). As to the forgery, to the extent Taylor is advancing more than a state-law claim of forgery per se and is claiming his conviction was obtained fraudulently through forgery, such a claim is barred by Heck v. Humphrey, 512 U.S. 477, 483, 486-87 (1994) (claims for monetary damages that call into question lawfulness of conviction or confinement are not cognizable under § 1983 unless conviction or sentence is overturned).

Accordingly, we grant IFP status on appeal and affirm, but we modify the dismissal to be without prejudice so Taylor may pursue whatever remedies may be available to him in state court.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.