# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2494

_____

Harry Maddox, III,

        Appellant,

v.

Laura Davis; Phillip D. Prokopowicz;
Kasey Schrandt, in their individual and
official capacities,

        Appellees.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: December 6, 2005
Filed: December 8, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Minnesota prisoner Harry Maddox, III, appeals from the district court's pre-service dismissal, under 28 U.S.C. § 1915A, of his 42 U.S.C. § 1983 action alleging constitutional violations related to his April 2004 arrest and prosecution for offering a forged check, and to the medical care he received while a pre-trial detainee at the Dakota County Jail (Jail). Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we affirm in part and reverse and remand in part.

We conclude that dismissal was proper as to Maddox's claims against Inver Grove Heights Detective Kasey Schrandt and Assistant Dakota County Attorney Phillip Prokopowicz. Assuming, as Maddox alleged, that Schrandt violated Maddox's Miranda[1] rights during a surreptitiously recorded telephone conversation, Maddox did not allege that statements he made during the conversation had been used against him in a criminal trial. See Chavez v. Martinez, 538 U.S. 760, 772-73 (2003) ("a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case"); Warren v. City of Lincoln, 864 F.2d 1436, 1442 (8th Cir.) (en banc) (Miranda warnings are procedural safeguard rather than right arising out of Fifth Amendment itself; remedy for Miranda violation is exclusion from evidence of compelled self-incrimination, not § 1983 relief), cert. denied, 490 U.S. 1091 (1989). Additionally, even if Schrandt and Prokopowicz tampered with the tape of the recorded conversation, Maddox did not allege any resulting constitutional violation. See United States v. Purkey, No. 04-1337, 2005 WL 2923515, at *11 (8th Cir. Nov. 7, 2005) (reversible prosecutorial misconduct requires (1) conduct was in fact improper and (2) such conduct prejudicially affected defendant's substantial rights so as to deprive defendant of fair trial); United States v. Kennedy, 372 F.3d 686, 696 (4th Cir.) (to support due process claim involving detective misconduct, plaintiff must show that conduct was improper and that conduct prejudicially affected his substantial rights), cert. denied, 125 S. Ct. 1019 (2005). Finally, we see no constitutional right implicated by Prokopowicz's appearance on behalf of the State in both Maddox's civil and criminal matters. See Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997) (to state cognizable claim under § 1983, plaintiff's complaint must allege that conduct of defendant acting under color of state law deprived him of right, privilege, or immunity secured by Constitution or laws of United States).

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

We conclude, however, that dismissal of Maddox's claims against defendant Laura Davis, identified by Maddox as the Jail's "medical director," was premature. Maddox alleged that Davis "refused" to give Maddox an "emergency medical tooth extraction," and said to Maddox that the Jail had "problems with our oral surgery procedures." He also alleged that he was denied the needed tooth extraction based on his race (black), as evidenced by prompt responses to white inmate requests for emergency extractions.

A pre-trial detainee's medical-care claims are properly assessed under the Due Process Clause, which affords at least as much protection, with regard to medical care, as prisoners receive under the Eighth Amendment. See Hartsfield v. Colburn, 371 F.3d 454, 456-57 (8th Cir. 2004). Applying this standard, Maddox's constitutional rights were violated if he was denied medically appropriate care for a serious medical need, and Davis is liable if she knew of the need but failed to act. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (to show deliberate indifference, plaintiff must demonstrate that he suffered from objectively serious medical needs that prison officials knew of yet deliberately disregarded). Construed liberally, see Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam) (pro se complaint must be liberally construed), Maddox's complaint can be fairly read to allege that (1) Maddox had a serious medical need--a painful dental condition; (2) the medically indicated treatment for his condition was an immediate extraction; and (3) whatever care he did receive was not adequate for his condition. See Pool v. Sebastian County, Ark., 418 F.3d 934, 944 (8th Cir. 2005) (serious medical need is one so obvious that even layperson would easily recognize necessity for doctor's attention); Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (medical treatment may so deviate from the applicable standard of care as to evidence physician's deliberate indifference; often such determination is factual question); Smith v. Jenkins, 919 F.2d 90, 92-94 (8th Cir. 1990) (grossly incompetent or inadequate care can constitute deliberate indifference, as can doctor's decision to take easier and less efficacious course of treatment). While Maddox ultimately may not be able to prove the truth of

his allegations, it cannot be presumed at this point that his condition did not warrant a tooth extraction and that the care he received was adequate. At this stage, he was not required to plead more specific facts. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (plaintiff must simply give defendant fair notice of claim and grounds upon which it rests). Finally, Maddox sufficiently alleged Davis's knowledge and failure to act. See Cooper, 189 F.3d at 783-84 (reversing § 1915A dismissal where inmate alleged he submitted medical service requests to health care administrator regarding painful dental problems and was refused treatment); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (prison officials' knowledge may be established based on fact that needs were obvious; supervisor incurs liability when personally involved in Eighth Amendment violation or when corrective inaction constitutes deliberate indifference).

We also note that the district court failed to address Maddox's equal-protection claim that he was denied medical care based on his race. Cf. Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (reversing § 1915A dismissal of equal-protection claim where black inmate alleged that he and white inmate followed same procedures in requesting extra mattress and blanket, and officer granted white inmate's request but for racial reasons denied his). On remand, the district court should consider this claim.

Accordingly, we affirm the dismissal of Maddox's claims against Schrandt and Prokopowicz, we reverse as to his medical-care and equal-protection claims against Davis, and we remand for further proceedings consistent with this opinion.

_____