# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4044

_____

Donald Thorbes,                              *
                                             *
             Appellant,                       *
                                             *
    v.                                       *
                                             *
Ron Bahl,                                    *
                                             *
             Appellee,                        *
                                             *
McClellan; Redditt; Cedric Williams;         *    Appeal from the United States
Potts; Meyer,                                *    District Court for the Western
                                             *    District of Missouri.
             Defendants,                      *
                                             *        [UNPUBLISHED]
George Williams, Supervisor, Jackson         *
County Detention Center,                     *
                                             *
             Appellee,                        *
                                             *
Linda Hengel, Case Manager, Jackson          *
County Detention Center,                     *
                                             *
             Defendant.                       *

_____

Submitted:  May 5, 2006
    Filed:  May 11, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Donald Thorbes appeals the district court's[*] adverse grant of summary judgment in Thorbes's 42 U.S.C. § 1983 action seeking damages from Ron Bahl, the Jackson County Detention Center (JCDC) Director, and from George Williams, the Medical Services Unit Supervisor, based on events occurring while Thorbes was a pretrial detainee at JCDC. Thorbes's claims arose from a delay in scheduling a follow-up appointment for an injury he suffered to his jaw in January 2000, and from the later failure to administer prescribed medications from January 25-31 and from February 9-16, 2000. Having carefully reviewed the record, we affirm. See Hartsfield v. Colburn, 371 F.3d 454, 456 (8th Cir. 2004) (standard of review).

We agree with the district court that Thorbes's fractured jaw was a serious medical need, but the record would not allow a jury to conclude either Bahl or Williams knowingly disregarded Thorbes's need for a follow-up appointment within two to three days of his initial emergency-room visit, or knowingly disregarded Thorbes's need for pain medication. See id. at 456-57 (elements of medical deliberate-indifference claim involving pretrial detainee).

As to the follow-up appointment, nothing in the summary judgment record shows Bahl was involved in scheduling the appointment, and Williams's scheduling of the appointment within six days shows at most negligence: the initial x-ray of Thorbes's jaw was negative for a fracture or dislocation, and there was no evidence Williams knew Thorbes was having swelling, pain, and difficulty eating in the interim. See Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006) (showing required to establish deliberate indifference is greater than showing of gross negligence).

---

[*]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

In addition, Thorbes did not establish a trialworthy issue on whether Bahl or Williams knew of Thorbes's problems in receiving medication during the periods at issue. The record reveals the only time Bahl and Williams were told of a problem with Thorbes's medication, which occurred on February 15, they each took immediate action. See Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (supervisor is liable for Eighth Amendment violation only if he is personally involved in violation or his corrective inaction constitutes deliberate indifference; supervisor must know of conduct and facilitate it, condone it, or turn blind eye to it).

Likewise, the record does not support liability based on a theory of failure to train or supervise, given the lack of evidence from which a jury could infer either Bahl or Williams had notice their subordinates were delaying the administration of Thorbes's medication, see Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997); and for the same reason, the record also does not present any trialworthy issues on Thorbes's negligent-supervision claim, see Cook v. Smith, 33 S.W.3d 548, 553 (Mo. Ct. App. 2000) (plaintiff must show one who has breached duty of care to plaintiff could reasonably have foreseen resulting injuries of type suffered by plaintiff).

We affirm the district court.

_____