# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2268

_____

Earl Parker Wilson,                          *
                                             *
                Appellant,                   *
                                             *   Appeal from the United States
        v.                                   *   District Court for the
                                             *   Eastern District of Arkansas.
Rick Toney, Warden, Varner Unit,             *
ADC; Randall Manus, Warden, Varner           *   [UNPUBLISHED]
Unit, ADC; Grant Harris, Warden,             *
Varner Unit, ADC; Bradberry, Warden,         *
Varner Unit, ADC; John Does,                 *
Treatment Department, Varner Unit,           *
ADC; Kay Brodnax, in her individual          *
and Official Capacities; Correctional        *
Medical Services, Inc.; Judy Nettles, in     *
her individual and Official Capacities,      *
                                             *
                Appellees.                   *

_____

Submitted: September 2, 2008
Filed: September 25, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Former Arkansas inmate Earl Wilson appeals the district court's[1] adverse grant of summary judgment to several Arkansas Department of Correction officials (ADC defendants), and dismissal as to Correctional Medical Services (CMS) and its employees Kay Brodnax and Judy Nettles (medical defendants) after a bench trial, in his 42 U.S.C. § 1983 action arising from his exposure to tuberculosis (TB).[2]

Having carefully reviewed the record, we agree with the district court that Wilson failed to establish that the ADC defendants--who had no medical expertise or role in delivering medical care--knew of but ignored Wilson's risk of exposure to TB, and that liability cannot be based solely on defendants' general responsibility to oversee prison operations. See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (standard of review); Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004) (to establish deliberate indifference, inmate must show he suffered from objectively serious medical need that defendant knew of but ignored); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

We also conclude the district court properly rejected Wilson's claims against medical defendants. See Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997) (standard of review). Trial testimony established that neither individual defendant was directly responsible for or personally involved in Wilson's diagnosis or treatment, and that

---

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]To the extent any "Doe" defendants remain in this lawsuit, they were never served. See Fed. R. Civ. P. 4(m) (providing for dismissal without prejudice as to unserved defendants); Young v. Mt. Hawley Ins. Co., 864 F.2d 81, 83 (8th Cir. 1988) (per curiam) (where only unserved defendants remain in action, judgment is final appealable order).

CMS did not have responsibility for any TB policy Wilson had challenged; and section 1983 does not allow for supervisory liability absent personal involvement or actual knowledge.  See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir 1995) (when supervisory liability under § 1983 attaches); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (no § 1983 liability for corporation acting under color of state law unless unconstitutional conduct resulted from corporation policy or custom, and corporation cannot be held liable under § 1983 on theory of respondeat superior); cf. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (because plaintiff did not allege that one defendant was personally involved in or had direct responsibility for incidents that injured him, his claims were not cognizable under § 1983).

  Accordingly, we affirm.  See 8th Cir. R. 47B.

     _____