NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2009[*]
Decided August 20, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 09-2286 | |
| | Appeal from the |
| RICHARD HOEFT, | United States District Court |
| *Plaintiff-Appellant*, | for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09 CV 0236 |
| | |
| DR. MENOS and HOLLI MEYER, | Charles N. Clevert, Jr., |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Richard Hoeft, a former Wisconsin inmate, claims in this lawsuit under 42 U.S.C.
§ 1983 that Dr. Menos, a prison physician, and Holli Meyer, who directed the Health
Services Unit at the Fox Lake Correctional Institution, violated the Eighth Amendment by
ignoring his requests for dental care. The district court dismissed the complaint under

---

[*]The defendants were not served with process in the district court and are not
participating in this appeal. After examining the appellant's brief and the record, we have
concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the
brief and record. *See* FED. R. APP. P. 34(a)(2).

28 U.S.C. § 1915(e)(2) on the ground that it fails to state a claim.  We vacate that decision and remand for further proceedings.

Hoeft's complaint describes the following version of events, which at this stage we must accept as true.  *See Vill. of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008).  In September 2007 Hoeft was transferred from another prison to Fox Lake "for dental needs."  Fox Lake has a Health Services Unit with on-site dental services, and Hoeft, whose previously assigned dental code classified his need for services as extensive and complicated, submitted a written request for dental care promptly after his transfer.  Hoeft noted that his cavities were extremely painful and that he needed "partials" so that he could properly chew his food.  Hoeft heard nothing in response, so in February 2008 he repeated his request.  Again he heard nothing.  In early March Hoeft informed Meyer that he had been suffering for several months while waiting for dental care; she replied that he would have to wait his turn.  Later that month Hoeft filed an administrative grievance seeking dental care.  Dr. Menos answered that grievance with the explanation that in September when Hoeft's request for dental care was received, he decided against expediting treatment because the prison views cavities and partials to be routine issues for which inmates must wait their turn.

In dismissing for failure to state a claim, the district court reasoned that Hoeft's allegations showed that his dental needs were neither serious nor ignored.  The defendants had made an assessment that Hoeft did not need immediate treatment, the court explained, and "it would not be obvious to a lay person" that the defendants' assessment was wrong.  The court added that Hoeft did not have a constitutional right to be treated as quickly as he desired.

On appeal Hoeft argues that his complaint states a claim for deliberate indifference because it alleges that he notified Dr. Menos and Holli Meyer about his dental problems and had to wait six months for treatment.  We review de novo a dismissal under § 1915(e)(2)(B)(ii).  *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).  In order to state an Eighth Amendment claim for the denial of medical care, Hoeft's complaint need only describe conduct that, after we draw all possible inferences in his favor, plausibly suggests that the defendants knew he suffered from a serious medical need and consciously disregarded it.  *See* FED R. CIV. P. 8(a)(2); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006).

The complaint meets this standard.  Dental care is one of the most important needs of inmates, *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005); *Wynn v. Southward*, 251 F.3d

588, 593 (7th Cir. 2001), and the symptoms Hoeft describes—six months of extensive pain from untreated cavities and tooth loss that prevented him from properly chewing his food—qualify as a serious medical condition, *see Board*, 394 F.3d at 480 ("[D]ental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need."); *Wynn*, 251 F.3d at 593 (concluding that inmate's allegations of bleeding, headaches, "disfigurement," and inability to chew food without dentures demonstrated a serious medical need); *Cooper v. Schriro*, 189 F.3d 781, 783-84 (8th Cir. 1999) (reversing dismissal of complaint alleging failure to treat painful, "decayed and cracked teeth"); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (reversing dismissal of complaint alleging that failure to provide dental care caused extreme pain, tooth deterioration, and inability to eat properly); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (reversing grant of summary judgment where prisoner produced evidence of failure to treat bleeding gums, broken teeth, and inability to eat properly).

Hoeft alleges, moreover, that Dr. Menos knew about his condition for six months without acting, and that Meyer refused to expedite treatment even though Hoeft repeatedly informed the prison of his condition and informed Meyer personally that he had been suffering for several months. And though the defendants told Hoeft that cavities and missing teeth did not, in their opinion, warrant immediate treatment, there is no suggestion that Hoeft was even examined before that conclusion was rendered or that it involved an individualized assessment of his situation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) (explaining that treatment decision cannot shield medical provider from finding of deliberate indifference if chosen course of treatment was so far afield of accepted norms that failure to exercise medical judgment can be inferred); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (same); *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (same); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (same). It is enough at this stage of the litigation that we can plausibly infer that Dr. Menos and Meyer knew full well that Hoeft, given his previously assigned dental classification, was afflicted with more than a routine cavity and yet for months ignored his persistent complaints of extreme pain. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (explaining that delay in treatment for painful conditions can support deliberate-indifference claim); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (overturning grant of summary judgment for jail physician and nurse where inmate submitted evidence that defendants delayed dental treatment for six weeks causing increased pain and complications from loose and infected teeth); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (overturning grant of summary judgment for prison dentist who waited three weeks before taking steps to refer inmate with impacted and infected wisdom tooth to outside oral surgeon).

There remains one additional matter.  Hoeft also argues that Judge Clevert, who is African-American, should have recused himself.  Hoeft explains that he espouses "Aryan beliefs" and that Judge Clevert had to know about those beliefs because he presided over—and dismissed all but one of—Hoeft's many prior lawsuits.  But judges are presumed to rise above biasing influences, *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001), and Hoeft offers no reason to question Judge Clevert's ability to be fair.  Hoeft seizes upon the dismissal of his earlier cases and the threat of sanctions, but adverse rulings do not establish bias.  *See United States v. Morgan*, 384 F.3d 439, 444 (7th Cir. 2004); *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002).

The judgment is **VACATED**, and the case is **REMANDED** for further proceedings.