# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 13-2331

———————————————

Leslie John Johnson

*Plaintiff - Appellant*

v.

Douglas L. Weber, Warden; Brandi Csordacsics; Heather Bowers

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

————————

Submitted: December 26, 2013
Filed: January 9, 2014
[Unpublished]

————————

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

In this 42 U.S.C. § 1983 action, South Dakota inmate Leslie Johnson appeals the district court's dismissal based upon the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). Upon careful review, we affirm the dismissal, but not based on the Younger abstention doctrine. See Sprint Communications, Inc. v. Jacobs, 134 S.Ct. 584, 591 (2013) (clarifying limited applicability of Younger

abstention doctrine). Instead, we affirm the dismissal on the ground that Johnson failed to state a claim upon which relief could be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal is warranted at any time in in forma pauperis proceedings if action fails to state claim upon which relief may be granted); 28 U.S.C. § 1915A (court shall review complaint in civil action in which prisoner seeks redress from governmental entity, officer, or employee, and court shall dismiss complaint if it, inter alia, fails to state claim upon which relief may be granted); Spirtas Co. v. Nautilus Ins. Co., 715 F.3d 667, 670-71 (8th Cir. 2013) (dismissal may be affirmed on any basis supported in record).

The only claim potentially asserted in Johnson's complaint was a claim of deliberate indifference to a serious medical need, in violation of the Eighth Amendment. His allegations, however, were insufficient to state such a claim. See Schaub v. VonWald, 638 F.3d 905, 914-15 (8th Cir. 2011) (to prevail on Eighth Amendment claim, inmate must show defendant knew of but deliberately disregarded objectively serious medical need; deliberate indifference is equivalent to criminal-law recklessness); see also Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997) (despite liberal pro se pleading standard, to state cognizable § 1983 claim, complaint must allege defendant deprived plaintiff of right, privilege, or immunity secured by Constitution or federal law).

Accordingly, we affirm the dismissal of Johnson's section 1983 complaint.

_____