# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-2202

_____

Eddie Humes, Sr.

*Plaintiff - Appellee*

v.

Misty Jones, Lt., in his/her individual and official capacities as Sheriff Deputy for White County, Arkansas; Stephanie Gray, in his/her individual and official capacities as Sheriff Deputy for White County, Arkansas

*Defendants – Appellants*

White County, Arkansas; Phillip Miller, in his official capacity as the Sheriff of Pulaski County, Arkansas; Clayton Edwards, in his individual and official capacity as Jail Administrator; Hall, Nurse

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 10, 2024
Filed: July 31, 2024

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Eddie Humes alleges that Lieutenant Misty Jones and Deputy Stephanie Gray, corrections officers at the White County Detention Center, ignored his pleas for help after he suffered a spider bite that caused his hand and arm to swell to the size of a small watermelon. Lieutenant Jones and Deputy Gray asserted qualified immunity in their motion for summary judgment, which the district court[1] denied in relevant part. We affirm and remand the case for trial.

## I.

In this interlocutory posture, we take as true the facts that the district court found were adequately supported, as well as the facts that the district court likely assumed, to the extent that they are not blatantly contradicted by the record. *Graham v. St. Louis Metro. Police Dep't*, 933 F.3d 1007, 1008 (8th Cir. 2019); *see also Johnson v. Jones*, 515 U.S. 304, 318 (1995). Viewed in this manner, the facts are these.

On October 19, 2017, Humes was arrested by police on felony drug charges and booked into the White County Detention Center. On October 20, Humes was bitten on the right hand by a spider. Over the course of three days, Humes repeatedly showed Lieutenant Jones and Deputy Gray his wound and asked them for medical care. Neither Lieutenant Jones nor Deputy Gray took any action to help him, despite telling him that they would. During this time, they saw his hand and arm continue

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas, adopting in part the report and recommendation of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

to swell. At some point, Humes's hand and arm had swollen to the size of a small watermelon, and the wound was oozing pus, causing Humes significant pain.

Early on October 25, Humes submitted a written grievance complaining that he had still not received medical care. He stated that he had been bitten by a spider, that his hand and arm were swollen and painful, and that his requests for help had been ignored. Around 8:30 a.m., Humes was transported to the emergency room at the White County Medical Center. At the hospital, x-rays were taken, and he was diagnosed with a staph infection. Humes was given intravenous antibiotics and then released back to the jail with several prescription medications and instructions to return to the hospital if his condition worsened.

The next day, October 26, Humes began to run a high fever and was returned to the White County Medical Center. A CT scan was performed, and Humes was diagnosed with an abscess on his right hand. Humes underwent emergency surgery to treat the abscess on October 27. Later that day, Humes was released from custody on his own recognizance; however, Humes remained in the hospital until October 31.

Humes later filed this civil-rights suit against several defendants, including Lieutenant Jones and Deputy Gray in their official and individual capacities, alleging that they violated his constitutional rights through their deliberate indifference to his serious medical needs. The district court eventually granted summary judgment to all defendants on all claims except for the individual-capacity deliberate-indifference claims against Lieutenant Jones and Deputy Gray, determining that Lieutenant Jones and Deputy Gray were not entitled to qualified immunity at this stage. Lieutenant Jones and Deputy Gray then took this interlocutory appeal.

## II.

"We have jurisdiction to review the district court's order denying qualified immunity, which we review *de novo*." *Martin v. Turner*, 73 F.4th 1007, 1009 (8th

Cir. 2023). "Our jurisdiction to review the denial of qualified immunity extends only to abstract issues of law, not to determinations that the evidence is sufficient to permit a particular finding of fact after trial." *Langford v. Norris*, 614 F.3d 445, 455 (8th Cir. 2010) (internal quotation marks omitted). "Thus, a defendant entitled to invoke a qualified immunity defense may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Id.* (internal quotation marks omitted).

To determine whether Lieutenant Jones and Deputy Gray are entitled to qualified immunity, we must consider two questions. First, did Lieutenant Jones and Deputy Gray violate a constitutional right? *See Dean v. Bearden*, 79 F.4th 986, 988 (8th Cir. 2023). Second, was the right clearly established? *See id.*

A.

The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). And the Fourteenth Amendment extends this principle to pre-trial detainees like Humes. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). To prove his deliberate-indifference claim, Humes must show that: "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Id.* A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *See Aswegan v. Henry*, 49 F.3d 461, 464-65 (8th Cir. 1995).

The district court found the record adequately supported that Lieutenant Jones and Deputy Gray saw Humes and his wound over the course of three days. They saw his hand and arm continue to swell larger, and, at some point, his hand and arm were the size of a small watermelon and oozing pus. And they knew that he was in significant pain. Yet they took no action to help Humes. The district court held a jury could find that an infection like Humes's constitutes a medical need so obvious

that even a layperson would easily recognize the need for a doctor's attention. And the district court also held that these facts support an inference that Lieutenant Jones and Deputy Gray were aware of this serious medical need yet deliberately disregarded it. Thus, the district court concluded that a reasonable jury could find that Lieutenant Jones and Deputy Gray violated Humes's right to be free of deliberate indifference to his serious medical need.

Urging reversal on this point, Lieutenant Jones and Deputy Gray raise only non-appealable issues. The district court found that the record supported an inference that Lieutenant Jones and Deputy Gray saw Humes's watermelon-sized, oozing hand and arm, that this wound constituted a serious medical need, and that Lieutenant Jones and Deputy Gray "proceeded to ignore the situation entirely." Lieutenant Jones and Deputy Gray contend otherwise, claiming that the record does not, in fact, support an inference that Humes's need for a doctor's attention was "obvious." And they assert that "clear and undisputed evidence of a lack of intent" precluded the district court from identifying a genuine issue on deliberate disregard.

We lack jurisdiction to review the district court's "determinations that the evidence is sufficient to permit a particular finding of fact after trial." *Langford*, 614 F.3d at 455. Despite this rule, they assert that the district court neglected "undisputed evidence" establishing that no reasonable jury could find Humes suffered from an objectively serious medical need or deliberate disregard of that need. In doing so, Lieutenant Jones and Deputy Gray challenge the district court's contrary determinations without arguing that they are blatantly contradicted by the record. Thus, these arguments are "beyond our limited review." *Graham*, 933 F.3d at 1009.

Lieutenant Jones and Deputy Gray also claim that Humes failed to establish a constitutional violation because he did not proffer expert medical testimony to establish causation. *See Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) ("When an injury is sophisticated, proof of causation generally must be established by expert testimony."). As Lieutenant Jones and Deputy Gray concede, this argument lies "beyond our jurisdiction." *Langford*, 614 F.3d at 463 ("[W]e have no

-5-

jurisdiction . . . to review issues relating to . . . damages, *or causation*, or other similar matters . . . ." (internal quotation marks omitted)). Thus, we do not address this contention either. In sum, Lieutenant Jones and Deputy Gray fail to identify any error in the district court's conclusion that a reasonable jury could find that a constitutional violation occurred.

B.

To overcome Lieutenant Jones and Deputy Gray's assertion of qualified immunity, Humes also must show that "every reasonable official" in their position "would have understood" that their failure to take action "violate[d] that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (per curiam). It is not necessary to have a prior case "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

*Hartsfield*, 371 F.3d 454, and *Dadd v. Anoka County*, 827 F.3d 749 (8th Cir. 2016), place the constitutional question here "beyond debate." *Hartsfield* established that "extreme pain from loose and infected teeth, which caused blood to seep from . . . gums, swelling, and difficulty sleeping and eating" constituted "a need for medical attention that would have been obvious to a layperson." 371 F.3d at 457. Based on this precedent, any reasonable official in Lieutenant Jones's or Deputy Gray's position would have understood that a large and growing infection of the type that oozes pus and causes significant, worsening, and out-of-the-ordinary-sized swelling constitutes a medical need that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

And *Dadd* tells us that "two days' delay of . . . treatment may be the basis of a constitutional claim," so long as the decisions to delay were not based on medical judgment, but rather indifference. 827 F.3d at 756. "The clearly established principle from *Dadd* is that a *complete* failure to treat an extremely painful (or other serious) condition displays a reckless indifference to a serious medical need."

*Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 363 (8th Cir. 2023). Based on this precedent, any reasonable official in Lieutenant Jones's or Deputy Gray's position would have understood that a complete failure for three days to seek help for Humes and his serious medical need would constitute deliberate indifference.

Thus, the right that Humes asserts was clearly established, and the district court properly denied Lieutenant Jones and Deputy Gray's motion for summary judgment asserting qualified immunity.

## III.

For the foregoing reasons, we affirm the district court's order of May 11, 2023, and remand the case for trial.

_____