# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3554

_____

Rizelle Aaron,

    Plaintiff - Appellee,

v.

William Shelley; Gregory Rozenski, individually and in their official capacities as police officers,

    Defendants - Appellants.

\*
\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*
\*
\*

_____

Submitted: September 22, 2010
Filed: November 12, 2010

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Rizelle Aaron, a part time police officer for the City of England, Arkansas, who was no longer being paid due to budget cuts, saw what he believed to be four individuals engaged in a drug deal in a park in the City of Jacksonville, where his children played. Aaron approached and forcefully told the four individuals to produce the drugs. They produced crack cocaine, a small amount of marijuana, and four Vicodin pills. Aaron obtained their names, addresses, and phone numbers; called to request that Jacksonville police come to the park; and flagged down the passing car of a Pulaski County Deputy Sheriff. Jacksonville police quickly came to the scene.

After an investigation, the details of which are clouded by material fact disputes, the Jacksonville officers allowed the suspected drug offenders -- described in the ensuing police reports as "victims" -- to leave without being charged. The police then arrested Aaron for impersonating a police officer, and for false imprisonment and terroristic threatening of the suspected drug offenders. A few days later, Jacksonville police received a letter from the City of England confirming that Aaron was a part time police officer, as he had told them at the scene. All charges against Aaron were subsequently *nolle prossed*.

Aaron then commenced this damage action under 42 U.S.C. § 1983 against Jacksonville police officers William Shelley and Gregory Rozenski in their individual and official capacities, and the City of Jacksonville. Defendants moved for summary judgment. The district court[1] dismissed the claims against the City and the official capacity claims against the police officers but denied the officers qualified immunity on Aaron's Fourth Amendment individual capacity claims that he was arrested without probable cause. Aaron v. Shelley, 696 F. Supp. 2d 1000 (E.D. Ark. 2010). The officers appeal, arguing they are entitled to qualified immunity as a matter of law because their versions of the disputed facts show they had arguable probable cause to arrest. Like the district court, we must construe the facts in the light most favorable to Aaron. Walker v. City of Pine Bluff, 414 F.3d 989, 991 (8th Cir. 2005).

An interlocutory order denying qualified immunity is immediately appealable "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). If the order turns on issues of fact, rather than an "abstract issue of law," we lack jurisdiction over the appeal because the decision is not a final order immediately appealable under the collateral order doctrine. Johnson v. Jones, 515 U.S. 304, 313-18 (1995). We always have jurisdiction to consider our jurisdiction.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

In denying the officers summary judgment based on qualified immunity, the district court carefully explained the material disputed facts which, when viewed most favorably to Aaron, would permit a reasonable jury to find that the officers lacked objectively reasonable probable cause to arrest Aaron on each of the three charges. On appeal, for the most part ignoring facts favorable to Aaron, including a recording of the dialogue between police officers and Aaron immediately prior to his arrest, the officers argue that they are entitled to qualified immunity as a matter of law because, at the time of the arrest, there was arguable probable cause to arrest if they believed everything reported by the four "victims," and disbelieved everything Aaron told them. As we see it, the most clearly established laws in sight are the well-settled summary judgment and qualified immunity principles violated by this contention. The appeal does not pass muster under Johnson v. Jones and is therefore dismissed. See, e.g., Mahamed v. Anderson, 612 F.3d 1084 (8th Cir. 2010); Levan v. George, 604 F.3d 366, 369-70 (7th Cir. 2010). If we reached the merits, we would summarily affirm.

The appeal is dismissed for lack of jurisdiction.

_____