# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3486

_____

James Clayton Solomon

*Plaintiff - Appellee*

v.

Hunter Petray, Captain, Benton County Detention Center; Sheriff Keith Ferguson;
Sgt. Tomlin; Sgt. Robbins; Sgt. Torrez; Deputy Johnson; Deputy Johnston;
Deputy Morrison; Deputy Roland; Deputy Rankin; Deputy Wales; Deputy
Elkington; Deputy Lockhhart; Deputy Engleman; Deputy Wright; Deputy Fry;
Deputy Reyes; Deputy Holly; Deputy Carlton; Deputy Lowther; Deputy Duncan;
Deputy Hernandez; Deputy Bryson; Major Gene Drake; Lt. Carter; Sgt. Vaughn

*Defendant*s

Deputy U.S. Marshal Cory Thomas; Deputy U.S. Marshal Susan Jones

*Defendants - Appellants*

John Does, Unknown U.S. Marshals; Benton County Deputy Stickland

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 20, 2012
Filed: November 9, 2012

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

James Clayton Solomon brought suit against Deputy United States Marshals Susan Jones and Cory Thomas, amongst others, alleging retaliation for exercising his free speech rights under the First Amendment, and violations of his rights to due process and to be free from excessive force. Jones and Thomas each moved for summary judgment on the basis of qualified immunity. The district court denied the motions and denied Jones's and Thomas's subsequent motions to amend or alter the order denying their motions for summary judgment. They now appeal. We remand the case to allow the district court to set forth a sufficient explanation of its analysis of the claims of qualified immunity to provide an adequate basis for review.

I

After taking James Clayton Solomon into custody on an unrelated matter, U.S. marshals transferred him from the Oklahoma City Federal Transfer Center to the United States Marshal Service (USMS) office in Fort Smith, Arkansas, on April 24, 2008. Officers of the Benton County Sheriff's Department then transferred Solomon that same day to the Benton County Criminal Detention Center (BCCDC), where he was housed until September of 2008 while awaiting disposition of the matter for which he had been taken into custody. In 2010, while incarcerated in a different facility, Solomon filed his pro se complaint alleging numerous violations of his constitutional rights and expressly naming as defendants the USMS, the BCCDC, the Benton County Sheriff's Department, and twenty-four individual staff members of either the BCCDC or the Benton County Sheriff's Department. To assist it in screening Solomon's pro se complaint, the district court provided Solomon with an addendum to fill out, which he completed and filed.

In the addendum to the complaint, Solomon named for the first time Deputy U.S. Marshal Susan Jones and Deputy U.S. Marshal Cory Thomas as defendants. He also supplemented his allegations in the complaint by alleging U.S. marshals had (1) housed him in the BCCDC, rather than another facility, in retaliation for a letter he had written about a local judge; (2) taunted him while transporting him from the Oklahoma Federal Transfer Center to the USMS office in Fort Smith and then to the BCCDC; and (3) arranged for adverse treatment he had received at the BCCDC, including a beating he alleged he had been subjected to shortly after he had initially arrived there. In the paragraph in which he indicated he intended to add Jones and Thomas as named defendants, Solomon claimed Jones and Thomas had each violated his rights to due process and to be free from excessive force.

After screening the complaint and the addendum to the complaint, the district court concluded Solomon had stated cognizable claims of (1) retaliation against Jones, Thomas, and other unknown U.S. marshals, (2) inhumane conditions of confinement against unknown U.S. marshals and BCCDC defendants, and (3) two claims of excessive force against "the various named Defendants." It then issued an order adding Jones and Thomas as named defendants.

Prior to the commencement of discovery, Jones and Thomas each filed individual motions to dismiss all of Solomon's claims against them with prejudice, arguing Solomon had failed to state a claim against either of them and that they were entitled to qualified immunity. Each also moved in the alternative for summary judgment, arguing qualified immunity entitled them to judgment as a matter of law. In support of their motions, Jones and Thomas each submitted a declaration by Supervisory Deputy United States Marshal Mark Spellman. The declaration indicated neither Jones nor Thomas had been involved in assigning Solomon to be housed in

-3-

the BCCDC and, of the two, only Jones had been assigned to transport Solomon and then only from Oklahoma City to the USMS office in Fort Smith on April 24, 2008.[1]

Solomon opposed the motions. In his briefs in response, he asserted a new allegation that, while he was being transported from Oklahoma City to the BCCDC, Thomas had struck him without provocation.

The district court, pursuant to Federal Rule of Civil Procedure 12(d), treated Jones's and Thomas's motions as motions for summary judgment, which it denied. To the extent the district court set forth its analysis, it indicated only that Jones and Thomas had failed to prove they were entitled to summary judgment as a matter of law because they had not submitted evidence to prove they had not used excessive force against Solomon.

Jones and Thomas then filed motions to amend or alter the order denying their motions for summary judgment, which the district court denied as well. They then filed this appeal, challenging the denial of their motions for summary judgment.[2]

---

[1]In the screening order, the district court found Solomon's allegations of having been taunted referred to events occurring four days later on April 28, 2008, while he was being transported from the federal building in Fort Smith, where he had appeared in court, to the BCCDC.

[2]In their notice of appeal, Jones and Thomas also indicated they intended to appeal the order denying their motions to amend or alter. However, they did not include the denial of the motions to amend or alter in their statement of issues on appeal or argue the district court had erred in denying those motions in their brief. Therefore, they did not preserve this argument for appeal. See Hays v. Hoffman, 325 F.3d 982, 987 n.2 (8th Cir. 2003) (citing Fed.R.App.P. 28(a)(5)).

## II

Before addressing the parties' arguments, we must first determine whether this court has jurisdiction to hear this interlocutory appeal. Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). This court has jurisdiction to hear an appeal of an order denying summary judgment based on qualified immunity only "to the extent that it turns on an issue of law." Jones v. McNeese, 675 F.3d 1158, 1160-61 (8th Cir. 2012) (citing Fields v. Abbott, 652 F.3d 886, 889-90 (8th Cir. 2011)). To the extent an order denying summary judgment on the basis of qualified immunity turns on a determination whether there exists a genuine issue of material fact for trial, this court does not have jurisdiction to hear an appeal of such an order. Id. (citing Johnson v. Jones, 515 U.S. 304, 320 (1995)). Accordingly, we must first determine whether the issues Jones and Thomas raise on appeal challenge the sufficiency of the evidence submitted by Solomon or turn solely on issues of law. Id.

After careful review, we conclude the issues raised on appeal comprise an amalgamation of challenges to the sufficiency of the evidence submitted by Solomon and assertions the district court erred as a matter of law by not granting their motions for summary judgment on the basis of qualified immunity. We lack jurisdiction to consider the deputies' challenges to the sufficiency of the evidence submitted by Solomon. Id. However, to the extent the challenge to the district court's denial of summary judgment turns solely on the application of the legal principles of qualified immunity, this court has jurisdiction to hear the appeal. Id. (citing Heartland Acad. Cmty. Church v. Waddle, 595 F.3d 798, 806 (8th Cir. 2010)). This court reviews a district court's denial of summary judgment as a matter of law de novo. Id. (citing Johnson v. Phillips, 664 F.3d 232, 236 (8th Cir. 2011)).

Qualified immunity "is an *immunity from suit* rather than merely a defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). It entitles an individual to

not be subject to trial or the other burdens of litigation and "is effectively lost if a case is erroneously permitted to go to trial." Id. Accordingly, it is important that the question of qualified immunity be resolved as early as possible in the proceedings. O'Neil v. City of Iowa City, 496 F.3d 915, 917 (8th Cir. 2007) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001); Schatz Family ex rel. Schatz v. Gierer, 346 F.3d 1157, 1160 (8th Cir. 2003)).

Analyzing a claim of qualified immunity requires a two-step inquiry. Jones, 675 F.3d at 1161. In one step, the deciding court determines whether the facts demonstrate a deprivation of a constitutional right. Id. (citing Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010)). In the other, the court determines whether the implicated right was clearly established at the time of the deprivation. Id. (citing Parrish, 594 F.3d at 1001). In considering those steps at the summary judgment phase, a district court is required to view the genuinely disputed facts in the light most favorable to the non-moving party, provided the record does not so contradict the facts as to render so viewing them unacceptable to any reasonable juror. O'Neil, 496 F.3d at 917. On review, we then determine "whether the official is entitled to qualified immunity based on the summary judgment facts as described by the district court." Id. at 1162 (citing Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir. 2010)).

However, when the district court's order being appealed sets forth an analysis insufficient to provide a meaningful basis for review, we have found it necessary to remand the order for a detailed consideration of the issue of qualified immunity. See, e.g., Jones, 675 F.3d at 1162. For example, in Jones we remanded for a more detailed consideration a denial of summary judgment which did not set forth an analysis of the claim of qualified immunity in the appealed order but instead only referenced the analysis the district court had set forth in an earlier order regarding a motion to dismiss. Jones, 675 F.3d at 1162. In O'Neil, we remanded for a more detailed consideration a denial of summary judgment which, in a generous reading, set forth

an analysis of at most only one step of the qualified immunity inquiry. <u>O'Neil</u>, 496 F.3d at 918.

Here, the cursory nature of the district court's denial of summary judgment requires that we remand this case for a more detailed consideration of the claims of qualified immunity. The order contains no findings of fact, viewed in the light most favorable to Solomon or otherwise. It is not even apparent from the text of the order whether the district court considered the claim of personal use of excessive force by Thomas, which Solomon raised for the first time in his brief in response to the motions for summary judgment. However, the absence of findings of fact is not the infirmity which requires us to remand the case. <u>See</u> <u>Johnson</u>, 515 U.S. at 319 (opining that, absent findings of fact made by the district court, an appellate court may review the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed). It is instead the complete absence in the order of any explicit reference to, or analysis of, Jones's and Thomas's claims of qualified immunity which leaves us unable to determine whether the district court even considered the issue of qualified immunity before denying the motions for summary judgment.

We express no opinion regarding the merits of Jones's and Thomas's claims of qualified immunity. However, "we are certain, and the case law is clear, that they are entitled to a thorough determination of their claim[s] of qualified immunity if that immunity is to mean anything at all." <u>O'Neil</u>, 496 F.3d at 918.

### III

We vacate the denial of summary judgment and remand this case to the district court for a more detailed consideration and explanation of the validity of Jones's and Thomas's claims of qualified immunity.

---