# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2857

_____

Ryan Ferguson

*Plaintiff - Appellee*

v.

John Short, Detective; Jeff Nichols, Detective; Jeff Westbrook, Detective; Bryan Liebhart, Detective; Latisha Stroer, Detective; Lloyd Simons, Detective

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 21, 2016
Filed: October 19, 2016

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

This case is about an allegedly improper investigation into the murder of Kent Heitholt. The murder went unsolved for two years until Charles Erickson caught the attention of the detectives working the case. After implicating himself and Ryan Ferguson in the killing, Erickson pleaded guilty to second-degree murder and first-degree robbery and agreed to testify against Ferguson at Ferguson's murder trial. A

jury convicted Ferguson of second-degree murder and first-degree robbery based largely on Erickson's testimony. More than five years later, the Missouri Court of Appeals vacated Ferguson's convictions because the government had withheld exculpatory evidence from him, undermining the outcome of his criminal trial. *See Ferguson v. Dormire*, 413 S.W.3d 40, 73 (Mo. Ct. App. 2013).

Ferguson now sues several detectives who investigated the murder. He contends that they destroyed or suppressed exculpatory evidence, in violation of his right to procedural due process under the Fourteenth Amendment; fabricated evidence and recklessly or intentionally failed to investigate the murder, in violation of his right to substantive due process under the Fourteenth Amendment; and conspired to deprive him of his constitutional rights. He also asserts state-law claims for malicious prosecution and false arrest.

The detectives moved for summary judgment, which the district court granted in part and denied in part. The district court granted summary judgment for the detectives on Ferguson's procedural due-process claim and on one aspect of his substantive due-process claim based on the fabrication of evidence. Ferguson does not challenge these determinations here; rather, the detectives filed this interlocutory appeal, challenging the district court's denial of their motion for summary judgment.

Ferguson moves to dismiss this appeal for lack of jurisdiction. We ordinarily lack jurisdiction over an interlocutory appeal challenging the denial of a motion for summary judgment, *Van Wyhe v. Reisch*, 581 F.3d 639, 647 (8th Cir. 2009), but we have jurisdiction when summary judgment is denied on the issue of qualified immunity. *Mallak v. City of Baxter*, 823 F.3d 441, 445 (8th Cir. 2016). Qualified immunity shields government officials from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would know. *Id.* Jurisdiction over these interlocutory appeals reaches only to issues of law, *Aaron v. Shelley*, 624 F.3d 882, 883 (8th Cir. 2010); where the order below

turns on issues of fact rather than abstract issues of law, we lack jurisdiction. For example, we lack jurisdiction to review the denial of summary judgment based on the pretrial record showing a genuine dispute of material fact on a qualified-immunity issue. *Johnson v. Jones*, 515 U.S. 304, 307 (1995).

Courts must resolve the matter of qualified immunity as soon as possible or the party claiming it will be deprived of its benefit—immunity from suit. *Payne v. Britten*, 749 F.3d 697, 700 (8th Cir. 2014). Government officials claiming qualified immunity are entitled to a thorough examination of their defense. We therefore have jurisdiction to review reasoned denials of qualified immunity and failures or refusals to rule on qualified immunity. When the district court fails to rule on qualified immunity, we will remand the case to the district court to decide the qualified-immunity question. *Id.* at 701.

The parties dispute whether the detectives' appeal involves qualified immunity. Indeed some of the 19 points that the detectives raise on appeal involve issues unrelated to qualified immunity, which we cannot review. For example, we lack jurisdiction under *Johnson* to review whether "Ferguson failed to present sufficient evidence to show he was deprived of a constitutional right or that [the detectives] reached an agreement to deprive him of his constitutional rights." But we usually do not throw the baby out with the bathwater when an interlocutory appeal raises both reviewable qualified-immunity questions and unreviewable ones. *See, e.g.*, *White v. McKinley*, 519 F.3d 806, 812–13 (8th Cir. 2008). Some of the points raised here do, at least on their surface, raise qualified-immunity issues.

Ferguson is correct that the detectives cannot save their interlocutory appeal simply by framing their arguments in terms of qualified immunity. *Austin v. Long*, 779 F.3d 522, 524 (8th Cir. 2015). But instead of classifying the multiple points on appeal as either wheat or chaff, we resolve this case on the ground that we simply lack an order denying a motion for summary judgment on qualified-immunity

grounds. The district court issued a thorough 62-page opinion resolving the motion for summary judgment, but qualified immunity made only a brief cameo appearance in one paragraph at the beginning of the opinion's discussion section. In that paragraph, the district court set out the broad principles of qualified immunity; nowhere were these principles, in this paragraph or elsewhere in the opinion, applied to the facts. The opinion reads like an ordinary summary-judgment ruling, determining if there are factual disputes and resolving legal points unrelated to qualified immunity. We are therefore unable to construe this order as one from which an interlocutory appeal can lie.

Ferguson asks us simply to dismiss this appeal, arguing that the detectives failed to raise and preserve the qualified-immunity issue in the district court altogether and only now couch their appeal in terms of qualified immunity to ensure our jurisdiction. We are unwilling to go that far. References to qualified immunity are peppered throughout the detectives' suggestions in support of their motion for summary judgment. In fact, the first numbered paragraph in the detectives' two-page motion for summary judgment says, "Summary Judgment is also appropriate on the basis of qualified immunity." So this is not a situation where the detectives raise an argument only in an inconspicuous footnote. *Cf. Equip. Mfrs. Inst. v. Janklow*, 300 F.3d 842, 848 n.2 (8th Cir. 2002).

Since we conclude that the detectives raised the qualified-immunity issue on the face of the papers, we remand the case to the district court for consideration of the motion for summary judgment on the basis of qualified immunity. In considering that motion, the district court of course can decide as a preliminary matter whether the detectives discussed the issue of qualified immunity in sufficient detail and with sufficient citations to undisputed record evidence to enable the district court to rule on the matter. *See Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 990 (8th Cir. 2006). If it determines that the detectives did so, the district court can then enter an explicit order and judgment on the matter one way or the other. If it determines that

the detectives did not do so, the district court can proceed to resolve the case in the ordinary course and may consider any motions by the detectives as may be consistent with any scheduling orders that the district court deems applicable.

We deny the motion to dismiss the appeal and remand the case to the district court.

_____