# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 19-2233

———————————————

M.A.B.

*Plaintiff - Appellee*

v.

Michelle Mason, in her individual capacity only

*Defendant - Appellant*

Gregory Johnston, in his individual capacity only; City of Maryland Heights, Missouri

*Defendant*s

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 16, 2020
Filed: June 8, 2020
[Published]

——————————

Before KELLY, MELLOY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

On April 26, 2016, M.A.B. was on her way to work when Officer Gregory Johnston pulled her over for speeding. He then called for female officer backup. M.A.B. gave Johnston permission to search her car, and he found no contraband. When Officer Michelle Mason arrived, she conducted a pat-down search of M.A.B. According to M.A.B., while she was still on the side of the road, Mason also subjected her to a more thorough search, including both a strip search and a body cavity search.

As relevant here, M.A.B. sued Mason, in her individual capacity, pursuant to 42 U.S.C. § 1983 for an unreasonable search in violation of the Fourth and Fourteenth Amendments.[1] The parties filed cross-motions for summary judgment, both of which the district court[2] denied. Mason appeals, arguing the district court erred by denying her qualified and official immunity.

We review the district court's summary judgment determinations de novo. See Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). Ordinarily we cannot review the denial of summary judgment, but to the extent that the denial of qualified immunity turns on an issue of law, it is a final appealable order within the meaning of 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). We may not hear appeals that turn on "whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 320 (1995). If we are asked to review "issues of fact, rather than an abstract issue of law, we lack jurisdiction over the appeal because the decision is not a final order immediately appealable under the collateral order doctrine." Aaron v. Shelley, 624 F.3d 882, 883

_____

[1]M.A.B. also brought a claim under Missouri's strip-search law.

[2]The Honorable Noelle C. Collins, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(8th Cir. 2010) (cleaned up). "We always have jurisdiction to consider our jurisdiction." Id. at 884.

In her complaint, M.A.B. alleged one count of an unreasonable search. M.A.B. alleged Mason's search included both a strip search of her upper-body and a cavity search below the waist. The parties dispute the extent of the upper-body strip search and whether the lower-body cavity search occurred at all. Both parties moved for partial summary judgment, asking the district court to consider only the facts relevant to the upper-body strip search—while ignoring those relevant to the portion of the search below the waist—and to enter a ruling accordingly.

The district court denied both motions, finding that genuine issues of material fact remained. The court decided it could not grant summary judgment to M.A.B., or conclude that Mason is entitled to qualified immunity, because the parties had presented facts concerning only a portion of M.A.B.'s claim. To determine the reasonableness of the search, and whether the lawfulness of Mason's conduct was clearly established, the court concluded it had to consider the entire search M.A.B. alleged.

This appeal turns on issues of fact. The parties intentionally presented the district court with only a portion of the facts necessary to rule on their motions for summary judgment, and the district court did not decide any "abstract issue of law." Aaron, 624 F.3d at 883. Instead, it decided that, given the incomplete record, genuine issues of material fact prevented granting summary judgment. We are presented with the same incomplete record, and we cannot review whether the incomplete record the parties submitted "sets forth a 'genuine' issue of fact for trial." Jones, 515 U.S. at 320. As a result, we lack jurisdiction to review Mason's appeal. Lacking jurisdiction over the denial of qualified immunity, we also lack supplemental jurisdiction over the denial of official immunity. See Stewart v. Wagner, 836 F.3d 978, 981 (8th Cir.

2016).  We therefore dismiss this appeal and remand to the district court for further proceedings.

_____