# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3370

_____

Rebecca Sterling

*Plaintiff - Appellee*

v.

Board of Trustees of the University of Arkansas; Mark Waldrip, in his official capacity as member of the Board of Trustees; John Goodson, in his official capacity as member of the Board of Trustees; Morril Harriman, in his official capacity as member of the Board of Trustees; Kelly Eichler, in her official capacity as member of the Board of Trustees; David H. Pryor, in his official capacity as member of the Board of Trustees; Stephen Broughton, M.D., in his official capacity as member of the Board of Trustees; CC Gibson, III, "Cliff", in his official capacity as member of the Board of Trustees; Sheffield Nelson, in his official capacity as member of the Board of Trustees; Tommy Boyer, in his official capacity as member of the Board of Trustees; Steve Cox, in his official capacity as member of the Board of Trustees; Bentley Wallace, in his individual and official capacity; UA Pulaski Technical College, originally named as Pulaski Tech

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 13, 2022
Filed: August 1, 2022

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Rebecca Sterling worked at the University of Arkansas-Pulaski Technical College ("UAPTC"). In April 2018, Sterling requested and received leave under the Family and Medical Leave Act ("FMLA") to care for her mother who had cancer. *See* 29 U.S.C. § 2615, *et seq.* After being notified that her position would be eliminated in an upcoming reorganization, Sterling applied for a different position. A hiring committee led by Bentley Wallace interviewed Sterling and five other candidates. Sterling's interview was originally scheduled for May 8, 2018 at 1:30 p.m., but Sterling emailed Wallace on May 2 asking if it could be rescheduled because she expected to take her mother to a doctor's appointment on May 8. Sterling ultimately attended the interview on May 8 as originally scheduled, although she also took FMLA leave that day. After the interview, the committee hired another applicant to whom Wallace had given a more favorable interview score. Sterling alleges that she was more qualified than the other applicant.

Sterling sued the Board of Trustees of the University of Arkansas, members of the Board of the Trustees in their official capacities, Wallace in his official and individual capacities, and UAPTC. Among other claims, she alleged that Wallace violated the FMLA by discriminating and retaliating against her.

The defendants moved for summary judgment, arguing, as relevant here, that Wallace was entitled to qualified immunity on the FMLA claim. The district court denied the summary-judgment motion in relevant part, rejecting Wallace's qualified-immunity defense on the ground that "qualified immunity is not available to defendants on an FMLA claim." On the merits, the district court found that genuine disputes of material fact existed that precluded resolution of the FMLA claim at the summary-judgment stage. Now, the defendants bring an interlocutory appeal of the district court's denial of Wallace's qualified-immunity claim and of any adverse rulings inextricably intertwined with that denial.

"We review a district court's qualified immunity determination on summary judgment de novo." *Burbridge v. City of St. Louis*, 2 F.4th 774, 779 (8th Cir. 2021). "We ordinarily lack jurisdiction over an interlocutory appeal challenging the denial of a motion for summary judgment, but we have jurisdiction when summary judgment is denied on the issue of qualified immunity." *Ferguson v. Short*, 840 F.3d 508, 510 (8th Cir. 2016) (citation omitted). Our review, however, is limited to "abstract issue[s] of law relating to qualified immunity[,] . . . typically[] the issue whether the federal right allegedly infringed was clearly established." *Lockridge v. Bd. of Trs. of Univ. of Ark.*, 315 F.3d 1005, 1008 (8th Cir. 2003) (en banc) (internal quotation marks and brackets omitted). We lack jurisdiction to review "fact-related[] legal inquir[ies]," such as "whether there is a genuine issue of material fact at summary judgment." *See Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (internal quotation marks omitted). Accordingly, "we accept as true the facts that the district court found were adequately supported, as well as the facts the district court likely assumed," viewing the record in the light most favorable to the nonmoving party. *Burbridge*, 2 F.4th at 779-80 (brackets omitted); *see Johnson v. Jones*, 515 U.S. 304, 319 (1995).

"[W]hen the district court's order being appealed sets forth an analysis insufficient to provide a meaningful basis for review, we have found it necessary to remand the order for a detailed consideration of the issue of qualified immunity." *Solomon v. Petray*, 699 F.3d 1034, 1038 (8th Cir. 2012); *see Ferguson*, 840 F.3d at 511 ("When the district court fails to rule on qualified immunity, we will remand the case to the district court to decide the qualified-immunity question."). In *Ferguson*, a government official brought an interlocutory appeal of a denial of summary judgment, invoking this court's jurisdiction to review qualified-immunity issues. *Id.* at 510-11. The district court had opened the discussion section of its opinion with a paragraph "set[ting] out the broad principles of qualified immunity," yet "nowhere were these principles, in this paragraph or elsewhere in the opinion, applied to the facts." *Id.* at 511. Instead, the opinion read "like an ordinary summary-judgment ruling, determining if there are factual disputes and resolving legal points unrelated to qualified immunity." *Id.* "[U]nable to construe th[e] order as one from which an

-3-

interlocutory appeal can lie," we remanded the case to the district court so that it could consider the qualified-immunity issue. *Id.* at 511-12; *see also O'Neil v. City of Iowa City*, 496 F.3d 915, 917-18 (8th Cir. 2007) (remanding for a more detailed consideration of a denial of summary judgment based on, at most, an analysis of only one step of the qualified-immunity inquiry).

Here, after briefly describing the defendants' qualified-immunity argument in one paragraph, the district court rejected it in the next, holding that "qualified immunity is not available to defendants on an FMLA claim." That is incorrect. In *Hager v. Arkansas Department of Health*, we reversed a district court's denial of summary judgment, holding that a supervisor enjoyed qualified immunity from the plaintiff's retaliation claim under the FMLA. 735 F.3d 1009, 1016-17 (8th Cir. 2013).

The district court's rejection of Wallace's qualified-immunity defense was based on a misreading of our statement in *Darby v. Bratch* that "[t]he Family and Medical Leave Act creates clearly established statutory rights, including the right to be free of discrimination or retaliation on account of one's exercise of leave rights granted by the statute." 287 F.3d 673, 681 (8th Cir. 2002). The district court's sweeping interpretation of *Darby*—that qualified immunity is never available to FMLA defendants—is inconsistent with the Supreme Court's admonition "not to define clearly established law at a high level of generality." *See Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Id.* (internal quotation marks omitted). *Darby*'s denial of qualified immunity followed a lengthy discussion culminating in the court's holding that genuine disputes existed as to whether the defendants were liable for FMLA retaliation. 287 F.3d at 679-82. Based on that context, we construe the statement in *Darby* about qualified immunity to mean that the FMLA clearly established the violative nature of the particular conduct in that case, not that qualified immunity can never be available on an FMLA claim.

Because of the district court's error, as in *Ferguson*, "nowhere were the[] principles" of qualified immunity "applied to the facts." *See* 840 F.3d at 511. Wallace is "entitled to a thorough determination of [his] claim of qualified immunity if that immunity is to mean anything at all." *See Payne v. Britten*, 749 F.3d 697, 701 (8th Cir. 2014) (internal quotation marks and alteration omitted). We therefore "remand the case to the district court for consideration of the motion for summary judgment on the basis of qualified immunity." *See Ferguson*, 840 F.3d at 511; *Solomon*, 699 F.3d at 1038; *O'Neil*, 496 F.3d at 917-18.

_____