# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3510

_____

Jason Carter

*Plaintiff - Appellee*

v.

Mark D. Ludwick, Agent of Iowa Department of Criminal Investigation, in his
individual capacity

*Defendant - Appellant*

Marion County, Iowa; Reed Kious, Marion County Deputy Sheriff in his
individual capacity; Billy Gene Carter

*Defendant*s

_____

No. 21-3651

_____

Jason Carter

*Plaintiff - Appellee*

v.

Mark D. Ludwick, Agent of Iowa Department of Criminal Investigation, in his
individual capacity

*Defendant*

Marion County, Iowa; Reed Kious, Marion County Deputy Sheriff in his
individual capacity

*Defendants - Appellants*

Billy Gene Carter

*Defendant*

———————

Appeals from United States District Court
for the Southern District of Iowa - Central

———————

Submitted: October 25, 2022
Filed: November 4, 2022
[Unpublished]

———————

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.

———————

PER CURIAM.

Jason Carter filed the present action, naming Agent Mark Ludwick and Deputy Sheriff Reed Kious as defendants, and claiming that they violated his constitutional rights in investigating him for his mother's murder. The district court previously dismissed the complaint for lack of subject-matter jurisdiction, and this court reversed the dismissal of the claims against these defendants and remanded for the district court to consider the claims on the merits in the first instance. See Carter v. Ludwick, 854 Fed. Appx. 107 (8th Cir. 2021) (unpublished per curiam). On remand, defendants moved to dismiss, arguing that they were entitled to qualified immunity. The district court--without mentioning qualified immunity--denied the motions to

-2-

dismiss, and defendants filed these interlocutory appeals, arguing that the district court erred in failing to issue a reviewable ruling on qualified immunity.

This circuit has repeatedly stressed the importance of resolving qualified immunity issues at the earliest possible stage in the litigation. See, e.g., O'Neil v. City of Iowa City, 496 F.3d 915, 917-18 (8th Cir. 2007). Because the district court did not address qualified immunity in its denial of the motions to dismiss, we remand these cases with instructions for the district court to rule on defendants' claims to qualified immunity. See Payne v. Britten, 749 F.3d 697, 699 (8th Cir. 2014) (when official properly and timely files motion for dismissal asserting qualified immunity, official is entitled to ruling; district court must issue reviewable ruling either granting or denying qualified immunity before requiring officials to progress further in litigation). While we do not take a position on whether defendants are entitled to qualified immunity, we stress that any ruling on qualified immunity should provide a meaningful basis for appellate review. See Solomon v. Petray, 699 F.3d 1034, 1038-39 (8th Cir. 2012) (remand is necessary when district court's order set forth analysis insufficient to provide meaningful basis for review; vacating district court's order and remanding for more detailed consideration when there was complete absence in order of any reference to qualified immunity).

_____