# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2363

_____

Matthew Glass

*Plaintiff - Appellee*

v.

Arkansas Insurance Department

*Defendant*

Allen Kerr, individually, and in his official capacity as Commissioner for the
Arkansas Insurance Department

*Defendant - Appellant*

Marjorie Farmer, individually, and in her official capacity as Investigator for the
Arkansas Insurance Department; Alan McClain, in his official capacity as
Commissioner for the Arkansas Insurance Department

*Defendants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: December 27, 2022
Filed: January 10, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, former Arkansas Insurance Department (AID) Commissioner Allen Kerr appeals the district court's denial of qualified immunity in insurance agent Matthew Glass's 42 U.S.C. § 1983 action alleging denial of his procedural due process rights. Upon de novo review, see Sterling v. Bd. of Trs. of Univ. of Ark., 42 F.4th 901, 904 (8th Cir. 2022) (standard of review), we reverse.

Initially, we have jurisdiction to consider Kerr's appeal. See id. (on appeal of denial of summary judgment on issue of qualified immunity, this court has jurisdiction to consider abstract issues of law, such as whether right allegedly infringed was clearly established). Kerr suspended Glass's insurance license prior to an administrative hearing, stating that emergency action was required. See Ark. Code Ann. §§ 25-15-211(c) (if agency finds that public health, safety, or welfare requires emergency action, it may summarily suspend license pending prompt proceedings), 23-64-216(e)(1) (if Commissioner finds that public health, safety, or welfare requires emergency action, then he may summarily suspend insurance agent's license pending administrative hearing). We conclude that Kerr's belief that the facts, as he knew them, qualified as an emergency to justify summary suspension under the statutes was objectively reasonable. See Anderson v. Creighton, 483 U.S. 635, 641 (1987) (in determining whether official is entitled to qualified immunity, relevant question is whether reasonable official could have believed action to be lawful, in light of clearly established law and information he possessed); Sterling, 42 F.4th at 905 (in determining qualified immunity, court should not define clearly established law at high level of generality, as dispositive question is whether violative nature of particular conduct was clearly established). Kerr knew that at least one customer had likely been improperly enrolled in Arkansas's Medicaid expansion program, and that

Glass had enrolled over 100 other customers in the program using his office address; he knew that Glass had not produced all of the documents the investigator requested; he believed that Glass had wrongly refused to allow review of his records without counsel present; and he had consulted AID's counsel in issuing the suspension order. See Dollar Loan Ctr. of S.D., LLC v. Afdahl, 933 F.3d 1019, 1025 (8th Cir. 2019) (reasonable official in agency director's position would not have been on notice that he was violating clearly established right by issuing combined cease and desist and license revocation order to money-lending business without prior hearing, as director took action based upon substantial investigation and factual foundation); Barton v. Taber, 820 F.3d 958, 966 (8th Cir. 2016) (in determining whether reasonable official would understand that what he was doing violated plaintiff's constitutional right, court adopts perspective of reasonable official at scene, taking into account information official possessed at that time); Wentz v. Klecker, 721 F.2d 244, 247 (8th Cir. 1983) (official reasonably believed that employee was contractor who could be summarily fired without prior hearing, based on attorney's advice, and thus was entitled to qualified immunity).

Accordingly, we reverse the denial of summary judgment based on qualified immunity on the individual-capacity claim against Kerr, and remand to the district court for entry of judgment in Kerr's favor on that claim.

_____