# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2388

———————————————

Katie Gatewood

*Plaintiff - Appellant*

v.

City of O'Fallon, Missouri, a municipality and political subdivision of the State of Missouri; O'Fallon Board of Impeachment; Bill Hennessy, in his official capacity as Mayor of O'Fallon, Missouri; Dale Kling, in his individual capacity; Dave Hinman, in his individual capacity; Jeff Keuhn, in his individual capacity

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 10, 2023
Filed: June 14, 2023

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

SMITH, Chief Judge.

Katie Gatewood, an O'Fallon City, Missouri council member, sued the City of O'Fallon (City), its mayor, Bill Hennessy, and the O'Fallon City Council (City

Council) based on their alleged violation of her civil rights. The district court[1] initially stayed Gatewood's suit because impeachment proceedings initiated by the defendants were underway, citing *Younger v. Harris*, 401 U.S. 37 (1971). Gatewood was eventually impeached by the City Council but declined to pursue any available state remedies. The district court subsequently lifted the stay. The defendants moved for dismissal on abstention grounds as well as claim preclusion. The district court dismissed Gatewood's case under claim preclusion principles based on her failure to pursue judicial review in the state courts. For the reasons stated below, we affirm.

## I. *Background*

Katie Gatewood was elected to the City Council in 2020 for a three-year term. She previously served the City as a law enforcement officer and as a corrections officer. On January 7, 2021, the City Council voted to approve the Mayor Hennessy's appointment of Philip Dupuis as its chief of police. As a City Council member, Gatewood had concerns about Dupuis's appointment based on information that she claimed to have received suggesting that Dupuis had allegations of misconduct as a private investigator in Texas in 2019.

On January 14, 2021, Gatewood made a public statement asserting that certain "concerns brought to me by fellow police officers" should have been examined before Dupuis's hiring. R. Doc. 2, at 7. Despite the City Council's final decision, Gatewood continued to inquire in Texas, where Dupuis had previously been a police chief. She also continued to publicly question his appointment. Meanwhile, Dupuis and others, including Curtis Sullivan of the St. Charles County Police Department, asked her to reveal the identity of the police officers who had purportedly told Gatewood about Dupuis's history. According to Sullivan, Gatewood had said that a citizen, not a

---

[1]The Honorable Audrey G. Fleissig, United States District Court for the Eastern District of Missouri.

police officer, had raised these concerns to Gatewood. Sullivan took the statement to be false.

In early March 2021, another City Council member, Dale Kling, moved the City Council to hire a law firm to investigate Gatewood's conduct. Mayor Hennessy and Kling told Gatewood in a private conversation that if she revealed the identity of the persons who had shared their concerns, the bill would be set aside. Gatewood recorded the conversation and later played it at a City Council meeting and publicly stated her belief that both Kling and Mayor Hennessy had committed a felony and should be criminally investigated. The firm investigated Gatewood's actions as requested. It determined that Gatewood had not breached any legal duty by raising potential untrue information to the City Council in connection with her objections to Dupuis's appointment. However, the firm did conclude that her investigation conducted independent of the City Council and without its authorization violated O'Fallon City Code § 115.090 for interfering with a matter that came under the direction of the City Administrator.

The City Council convened a meeting to consider impeaching Gatewood. Three City Council members, Dale Kling, Dave Hinman, and Jeff Keuhn, made statements during the meeting, which implied that they had likely made their mind up that Gatewood should be removed from the City Council. Gatewood moved to disqualify those three City Council members as biased. Mayor Hennessy denied the motion concluding that any bias from the City Council members' statements could be remedied by their swearing under oath that they could and would be impartial. In the summer of 2021, the City Council approved a resolution to convene a Board of Impeachment and proposed Articles of Impeachment. The proceedings continued through the fall of 2021.

On January 24, 2022, while Gatewood's impeachment remained pending, she filed this action in the district court and sought injunctive relief. On January 27, 2022,

-3-

the district court entered an order abstaining under *Younger*. The court directed the parties to file additional briefing before deciding whether to stay the case pending resolution of the state proceedings or to dismiss the case without prejudice.

On February 7, 2022, Gatewood was impeached and removed from office by the vote of six City Council members, including Kling, Hinman, and Keuhn. Two others refused to participate, and one voted against impeachment. Mayor Hennessy exercised his discretion and removed Gatewood from office. On February 9, 2022, Gatewood amended her initial complaint noting her removal from office. Gatewood, however, did not seek judicial review of the City Council decision in Missouri state courts. The time for appeal expired on March 9, 2022.

On March 16, 2022, the district court stayed the federal case pending the final resolution of state proceedings. Those state proceedings included Gatewood's impeachment proceedings and any available judicial review thereof. The district court lifted its stay order on March 21, 2022.

Afterwards, the defendants moved to dismiss based on the *Younger* abstention doctrine or, alternatively, based on claim preclusion for Gatewood's failure to purse available state appellate relief in state court. The court directed Gatewood to show cause why her case should not be dismissed for the grounds requested in the dismissal motion. Following Gatewood's belated response, which the district court deemed unpersuasive, it granted the motion to dismiss. The court determined that Gatewood's failure to pursue her claims in state court precluded her from seeking relief in federal district court citing, *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), and *Alleghany Corp.v. McCartney*, 896 F.2d 1138 (8th Cir. 1990). Gatewood now appeals the district court's initial order of abstention and its eventual order to dismiss.

## II. *Discussion*

"We review the grant of a motion to dismiss de novo, taking the facts alleged in the complaint[2] as true." *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 406 (8th Cir. 2013).

On appeal, Gatewood argues that the district court's abstention under *Younger* was improper because an exception to *Younger* abstention should have been applied to enable the court to act before her impeachment proceedings concluded. The propriety of *Younger* abstention rests on a three-part inquiry. First, the proceeding must fall into one of the three "exceptional circumstances" enumerated in *New Orleands Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). Second, the proceeding must meet the requirements of *Younger* and satisfy the factors of *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Third and lastly, we must determine whether "abstention [is] nevertheless inappropriate because an exception to abstention applies." *375 Slane Chapel Road, LLC v. Stone Cty., Mo.*, 53 F.4th 1122, 1127 (8th Cir. 2022).

Gatewood's abstention argument misses the mark. We need not address the propriety of the district court's abstention analysis because whether the district court correctly abstained is immaterial to the outcome of this case. The district court lifted its stay, and even if it could be shown that the stay was initially improper, it has no bearing on the ultimate result. Rather, the dispositive issue in this case is whether the district court erred in dismissing the case on claim preclusion and exhaustion grounds.

---

[2]The operative complaint in this case is Gatewood's Amended Verified Complaint, as the district court granted leave to amend the complaint and required a response from the Appellees on that pleading.

Put bluntly, Gatewood failed to challenge the dismissal below and failed to challenge it on appeal until her reply brief. Appellate courts "do not generally review arguments first raised in a reply brief." *United States v. Lugo-Barcenas*, 57 F.4th 633, 638 (8th Cir. 2023) (citing *United States v. Darden*, 915 F.3d 579, 586 n.9 (8th Cir. 2019)). Her contention that she did in fact raise the issue in her initial brief is belied by the brief itself. She only mentions that the district court dismissed the case on claim preclusion grounds for her failure to seek judicial review in state court in her recounting of the procedural history of her case. This is insufficient for us to consider the challenge to be "meaningfully argued." *See United States v. Shelledy*, 961 F.3d 1014, 1024 (8th Cir. 2020) (holding that claims not meaningfully argued in the opening brief are not generally considered).

Gatewood nonetheless contends that this court is not prohibited from hearing her arguments on the dismissal even if they are raised for the first time in her reply brief. *See Carpenter's Pension Fund of Ill. v. Neidorff*, 30 F.4th 777, 787 (8th Cir. 2022). She is technically correct. "As a general rule, we will not consider arguments raised for the first time in a reply brief. We are not precluded from doing so, however, particularly where, as here, the argument raised in the reply brief supplements an argument raised in a party's initial brief." *Id.* That is not the case here. Gatewood's initial brief essentially ignored the district court's dismissal on the basis of claim preclusion.

Further, "[w]hen courts have exercised their authority to decline consideration of issues raised in reply briefs, they have typically done so out of concern that the opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond." *United States v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2003). *Head* applies to the facts of this case. The defendants had no opportunity outside of oral argument to address Gatewood's arguments against the underlying motion to dismiss. As such, we decline to exercise our discretion to consider these arguments initially raised in the reply brief.

III. *Conclusion*

For these reasons, we affirm the district court's order of dismissal.

_____