# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1451

_____

Domeco Fugenschuh

*Plaintiff - Appellee*

v.

Brian Minnehan, Individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; Ryan Steinkamp, Individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department

*Defendants - Appellants*

City of Des Moines, Iowa; Dana Wingert, Individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department

*Defendant*s

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 25, 2024
Filed: March 6, 2025
[Published]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Domeco Fugenschuh brought this 42 U.S.C. § 1983 action against Des Moines Police Officers Ryan Steinkamp and Brian Minnehan in their individual capacities, asserting they violated his constitutional rights during a traffic stop.[1] The officers moved for summary judgment, asserting they were entitled to qualified immunity. The district court[2] denied the motion in part, and the officers filed this interlocutory appeal.

I.

On interlocutory review of the denial of qualified immunity, "'we accept as true the facts that the district court found were adequately supported, as well as the facts the district court likely assumed,' viewing the record in the light most favorable to the nonmoving party." Sterling v. Bd. of Trustees, 42 F.4th 901, 904 (8th Cir. 2022) (quoting Burbridge v. City of St. Louis, 2 F.4th 774, 779–80 (8th Cir. 2021)).

On July 6, 2018, Minnehan and Steinkamp were on patrol when Fugenschuh drove past their car, sat up in his seat, and stared at them. The officers started to follow him. Fugenschuh gave them the middle finger and held it up for eleven or twelve blocks, before coming to a stop at a red light. Then, Fugenschuh signaled a right turn and, with no other cars in the intersection, turned right and headed north. After he completed his turn and exited the intersection, another car, also heading north, proceeded through the intersection's green light. The officers can be heard on

---

[1]Fugenschuh raised additional state and federal claims against the officers, which have either been dismissed or are otherwise not before us on appeal.

[2]The Honorable Helen C. Adams, Chief Magistrate Judge for the United States District Court for the Southern District of Iowa, by consent of the parties. 28 U.S.C. § 636(c).

body camera footage saying that Fugenschuh cut off the other car because its driver had to step on the brakes. They activated their lights and pulled Fugenschuh over.[3]

The officers proceeded to arrest Fugenschuh for, as they told him, cutting off a car when he turned right at the intersection. In the course of the arrest, Steinkamp pushed Fugenschuh against the hood of Fugenschuh's car, and shoved Fugenschuh into the officers' patrol car.

Fugenschuh was later charged under Iowa Code § 321.311 with a "Turning at Intersection Violation."[4] During an ensuing bench trial in Polk County district court, the prosecutor amended the charge to failure to yield the right-of-way, in violation of Iowa Code § 321.322(1).[5] The prosecution did not admit into evidence any video of the stop, and Fugenschuh, who represented himself, was not provided access to it. The court found Fugenschuh guilty of the amended charge. Fugenschuh later challenged his conviction, relying on the dash camera video he had obtained. After viewing the video, the Polk County district court determined that Fugenschuh's turn caused "no actual danger or near collision or immediate hazard"; thus, the court found that Fugenschuh was actually innocent of the violation and vacated the conviction.

Fugenschuh then brought this § 1983 action against the officers in their individual capacities, alleging that they violated his First and Fourth Amendment

---

[3]The traffic stop, and Fugenschuh's turn, were captured on both officers' body camera videos, and the patrol vehicle's dash camera video.

[4]This statute requires a driver to make a right turn "as close as practical to the right-hand curb or edge of the roadway." Iowa Code § 321.311(1)(a).

[5]This statute requires drivers to "yield the right-of-way to any vehicle on the intersecting roadway which has entered the intersection or which is approaching so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection." Iowa Code § 321.322(1).

-3-

rights.[6] Relevant here, Fugenschuh raised claims for unreasonable search and seizure, excessive force, and First Amendment retaliation. The parties filed cross motions for summary judgment. The district court denied Fugenschuh's motion and denied the officers' motion in part, finding that there were genuine disputes of material fact about whether the officers violated Fugenschuh's constitutional rights.

The officers appeal.

## II.

"[W]e have limited jurisdiction to review" the "pretrial denial of qualified immunity to officers." Dunn v. Does 1-22, 116 F.4th 737, 745 (8th Cir. 2024). We review the denial de novo, Humes v. Jones, 109 F.4th 1112, 1115 (8th Cir. 2024) (quoting Martin v. Turner, 73 F.4th 1007, 1009 (8th Cir. 2023)), but our jurisdiction "extends only to abstract issues of law, not to determinations that the evidence is sufficient to permit a particular finding of fact after trial." Id. at 1115–16 (quoting Langford v. Norris, 614 F.3d 445, 455 (8th Cir. 2010)); see Sterling, 42 F.4th at 904. Qualified immunity consists of two questions: whether a constitutional violation occurred; and whether the right violated was clearly established. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

The officers raise only two arguments we may consider in this interlocutory appeal. First, the officers assert that the district court erred in its analysis of Fugenschuh's unreasonable search and seizure claim because, in assessing the constitutionality of the stop, the court noted that the prosecutor changed the charging instrument at trial from a turning violation to a right-of-way violation. The officers rightly point out that their subjective intent to stop Fugenschuh for either violation is irrelevant to this claim. See United States v. White, 928 F.3d 734, 740 (8th Cir. 2019) (noting that "the subjective intent of an officer cannot vitiate otherwise

---

[6]Fugenschuh sued additional defendants who have since been dismissed. Fugenschuh does not challenge these dismissals on appeal.

objectively reasonable conduct"). But the district court determined that factual disputes remained about whether the officers observed sufficient evidence to stop Fugenschuh at all, and we see nothing to suggest that the district court impermissibly relied on the officers' subjective intent in denying summary judgment. To the extent the officers contest the district court's finding that there are factual disputes about whether the officers observed enough to reasonably suspect Fugenschuh had committed a traffic violation, that argument is beyond our jurisdictional limits. See Estate of Nash v. Folsom, 92 F.4th 746, 755 (8th Cir. 2024) ("In qualified-immunity cases, when the district court determines that disputed facts remain for a trier of fact to decide, we lack jurisdiction to address the denial of qualified immunity in an interlocutory appeal.").

Second, the officers argue that the district court erred when it "abandon[ed] the officers' points of view" and failed to make inferences in their favor. But the district court did not abandon the officers' perspective in assessing the constitutionality of the stop. See Terry v. Ohio, 392 U.S. 1, 21–22 (1968) (analyzing reasonableness of a Fourth Amendment claim based on "the facts available to the officer at the moment of the seizure or the search"). And at this stage of the proceedings, the officers are not entitled to inferences in their favor. See Sterling, 42 F.4th at 904 (noting that on appeal from denial of qualified immunity, we view the facts in the light most favorable to the non-movant). The officers raise no other arguments for us to consider on this claim, and we affirm the district court's denial of qualified immunity.

In the opening brief, Steinkamp raised, but did not develop, an argument regarding Fugenschuh's excessive force claim.[7] See United States v. Gonzales, 90 F.3d 1363, 1369–70 (8th Cir. 1996) (declining to consider a "cursory and summary assertion" that made "no specific assignment of error"). In any event, he appears to challenge only the district court's decision that factual issues precluded summary

---

[7]Fugenschuh alleged that only Steinkamp violated his Fourth Amendment right to be free from excessive force.

judgment, and we cannot review that finding. <u>Folsom</u>, 92 F.4th at 755. Nor can we review the denial of qualified immunity on Fugenschuh's retaliation claim, because the officers failed to provide any argument at all in support of reversal. <u>See</u> <u>Milligan v. City of Red Oak</u>, 230 F.3d 355, 360 (8th Cir. 2000) (finding waiver where an issue was "mention[ed] in passing" with no "argument or legal authority" in support); <u>United States v. Aldridge</u>, 561 F.3d 759, 765 (8th Cir. 2009) ("Because the brief does not support this assertion with any argument, this court deems the issue abandoned."). And, consistent with our usual practice, we decline to consider any arguments raised for the first time in the officers' reply brief. <u>See</u> <u>Gatewood v. City of O'Fallon</u>, 70 F.4th 1076, 1079 (8th Cir. 2023).

 We affirm.

_____