# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1805

_____

Reginald L. Dunahue

*Plaintiff - Appellant*

v.

Marshall Dale Reed, Chief Deputy Director, ADC

*Defendant*

Aundrea Culclager, Warden, Cummins Unit, ADC; Kenneth Starks, Captain, Cummins Unit, ADC

*Defendants - Appellees*

Isaac Wade, Captain, Cummins Unit, ADC; Greg Mussellwhite, Warden, Cummins Unit, ADC; Jeremy Andrews, Deputy Warden, Cummins Unit, ADC

*Defendants*

Kennie Bolden, Deputy Warden, Cummins Unit, ADC

*Defendant - Appellee*

Avery, Lieutenant, Cummins Unit, ADC; Curry Branham, Lieutenant, Cummins Unit, ADC; Rosieanna Lee, Sanitation & Housekeeping Coordinator/Sup., Cummins Unit, ADC; Florence Hadley, Sanitation & Housekeeping Coordinator/Sup., Cummins Unit, ADC; Michelle Rucker, Sanitation & Housekeeping Coordinator/Sup., Cummins Unit, ADC; L. Smith, Sanitation & Housekeeping Coordinator/Sup., Cummins Unit, ADC; James Shipman, Warden,

Tucker Max, ADC; William Straughn, Deputy Director, ADC; Tina Deen, Business Manager, Tucker Max; Maurice Culclager, Deputy Warden, Tucker Max

*Defendant*s

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

———————

Submitted: June 12, 2026
Filed: June 17, 2026
[Unpublished]

———————

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

In this 42 U.S.C. § 1983 action, Reginald L. Dunahue appeals the district court's[1] order denying his motion for summary judgment and granting summary judgment for the defendants. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Following a de novo review of the record and the parties' arguments on appeal, this court agrees with the district court's disposition of Dunahue's claims. *See Luer v. Clinton*, 987 F.3d 1160, 1165 (8th Cir. 2021) (grant or denial of summary judgment reviewed de novo). The district court correctly determined that Dunahue's official-capacity damages claim was barred by sovereign immunity, and his official-capacity claim for injunctive relief was moot. *See Walker v. Bowersox*, 526 F.3d

———————

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, now deceased, adopting the report and recommendations of the Honorable Benecia Moore, United States Magistrate Judge for the Eastern District of Arkansas.

1186, 1189 (8th Cir. 2008) (per curiam) (injunctive-relief claim regarding conditions of confinement is moot if plaintiff is no longer subject to those conditions); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (Eleventh Amendment bars suit against state for alleged deprivation of civil liberties unless state has waived its immunity; naming state officials in official capacity equivalent to suit against state itself). This court also concludes that Dunahue failed to meet his burden to produce evidence sufficient to support his individual-capacity failure-to-protect claim. *See Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020) (prison official may be liable for Eighth Amendment failure-to-protect violation if there is a substantial risk of harm to inmate, and prison official was deliberately indifferent to that risk) (citations omitted); *see also Johnson v. Exide Techs., Inc.*, 137 F.4th 676, 679 (8th Cir. 2025) (unsupported assertions of "controverted" facts cannot create genuine dispute); *Zubrod v. Hoch*, 907 F.3d 568, 577 (8th Cir. 2018) (granting summary judgment where plaintiffs failed to provide competent, admissible evidence to rebut defendants' version of events; "plaintiffs may not stave off summary judgment armed with only the hope that the jury might disbelieve witnesses' testimony") (citations and internal quotation marks omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986) (burden is on plaintiff to produce evidence that would support jury verdict). Finally, because we agree with the district court that Dunahue failed to prove defendants violated his Eighth Amendment rights, we decline to address the issue of qualified immunity. *See A.H. v. St. Louis Cty., Mo.*, 891 F.3d 721, 726-27 (8th Cir. 2018) (concluding this court need not address qualified immunity where district court correctly concluded that plaintiffs failed to prove constitutional violation); *Sterling v. Bd. of Trustees of the Univ. of Arkansas*, 42 F.4th 901 (8th Cir. 2022) (qualified immunity determination on summary judgment reviewed de novo).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____